## CHARLES STEWART v. THE COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF BUTLER
COUNTY.

Argued October 19, 1887—Decided, November 7, 1887.

1. While a court may regulate the exercise of the right of a defendant in
a criminal prosecution to be heard by counsel before the jury, yet the
right to be so heard is a constitutional right and it is beyond the power
of the court to deny it altogether.

2. Evidence that a defendant, indicted for the unlawful sale of liquors
under § 15, act of May 13, 1887, P. L. 113, as the agent of a licensed
distiller doing business at a distance, solicited and received orders and
money for liquors by the gallon, and, after the orders were filled by the
distiller to whom they were addressed, delivered the packages contain-
ing the liquors to the persons ordering, is sufficient to authorize a con-
viction.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ.; TRUNKEY, and CLARK, JJ., absent.

No. 232 October Term 1887, Sup. Ct.; court below, No. 32
September Term 1887, Q. S.

On September 7, 1887, a bill of indictment, preferred under
§ 15, act of May 13, 1887, P. L. 113, charging that Charles
Stewart " unlawfully did sell and give away vinous, spirituous,
malt and brewed liquors and admixtures thereof, without hav-
ing first obtained a license, etc.," was found a true bill, to
which the defendant pleaded not guilty.

At the trial before A. L. HAZEN, P. J., the facts appeared:
At the time of the alleged unlawful sales, the defendant was
in the employ as soliciting agent of one George Stahl, the
owner and operator of a distillery in the borough of Zelien-
ople, about 20 miles from the place where the orders were
received.   Stahl had paid his annual tax for a distiller's license
to the county treasurer, and his warehouse where his liquors
were kept for sale was in Zelienople near his distillery.   The
defendant in July, 1887, had taken orders, partly written, partly
printed, from two persons, each for one gallon of whiskey.

The other material facts appear in a point which the defendant submitted for instructions, quoted infra.

At the close of the evidence the court announced that the case would be submitted to the jury without argument of counsel. Defendant's counsel asked their constitutional right for the defendant to have the jury pass upon the law as well as the facts, and their constitutional right to present their case, and argue it too, before the jury.

By the court: The defence have a full right to be represented by counsel, and have a full and ample opportunity in this case, but there is nothing, in the judgment of the court, to justify wasting time arguing; exception.[5]

The point referred to, with its answer, was as follows:

3. It having been proven that the defendant was in the employ of George Stahl, a legally licensed distiller, in the borough of Zelienople, Butler county, Pa., and that the witnesses for the commonwealth gave the defendant, as agent for Geo. Stahl, written orders on his principal, George Stahl, for the liquor, and that George Stahl in pursuance of these orders given him by the defendant, filled up the liquor in gallon jugs, sealed them and set them apart to the defendant, who subsequently delivered them to the purchasers at their request, at the place of their residence, that in law the sale was completed when set apart in Zelienople, and the legal title to the liquor then and there passed to the purchasers; and the defendant having carried them to them, at their request, in law was acting as the agent for the purchasers, and the sale being complete in the borough of Zelienople, there can be no conviction in this case, because it was a legal sale, made by a legally authorized distiller in the borough of Zelienople, and not a sale by the defendant, who was acting as agent or in the employ of George Stahl.

Answer: Refused; and we say to the jury that we understand the law to be that the sale was complete when the liquor purchased and paid for was delivered by the defendant.[1]

The court charged the jury that, if they believed the witnesses and were satisfied beyond a reasonable doubt that the defendant received the money and delivered the whiskey as alleged, the verdict should be for the commonwealth.[2]

The jury returned a verdict of guilty, and sentence having

been passed, the defendant was allowed this writ. The errors assigned were inter alia:

1. The answer to the defendant's point.[1]

2. The charge of the court as stated.[2]

5. The refusal to permit the defendant to be heard by counsel.[5]

*Mr. Lev. McQuistion* (with him *Mr. W. A. Forquer*), for the plaintiff in error:

Britton v. Commonwealth, 105 Pa. 311, settles the right of a distiller who has paid his tax to sell his liquors, manufact- ured by him, in quantities not less than one gallon, at any one place in the county other than at his distillery. · Under the facts and law of this case, the sale was not made in Cherry township, when and where the orders and money were given to the defendant, but became perfect and complete when they were accepted by George Stahl and the liquor ordered was by him measured, put into the jugs and set apart for the pur- chaser: Scott v. Wells, 6 W. & S. 367; Haldeman v. Duncan, 51 Pa. 66; 1 Benj. Sales, 336; Tegler v. Shipman, 33 Ia. 194 (11 Amer. R. 118); McEntire v. Parks, 3 Metc. 207; 2 Pars. Con. 586; Shriver v. Pittsburgh, 66 Pa. 446. There is no law of the commonwealth making it an unlawful offence for any one, principal or agent, to solicit orders for liquors in whole- sale quantities.

*Mr. Chas. A. McPherrin, District Attorney*, for the defend- ant in error:

The liquor was delivered by the defendant to the persons who purchased the same and from whom he received the pay at a point twenty-four miles from Stahl's place of sale, and the sale was not complete until that delivery: Garbracht v. Com- monwealth, 96 Pa. 449; 1 Benj. Sales, 334, 335; Common- wealth v. Greenfield, 121 Mass. 49.

OPINION, MR. JUSTICE WILLIAMS:

An examination of the record discloses but one reason for interfering with the verdict and sentence in this case. This is brought to our attention by the fifth assignment of error. It appears that, at the conclusion of the evidence, the defendant

asked the court to permit him to be heard by his counsel before the jury. This the court refused to do, giving as the reason that "there is nothing in the judgment of the court to justify wasting time arguing." The case was then left to the jury under the charge of the court. To this action of the court an exception was taken at the time and a bill duly sealed. We have therefore to determine whether the defendant's right to be heard by his counsel before the jury is subject to the discretionary power of the judge presiding at the trial.

The right to be so heard, is expressly provided for in the constitution of the commonwealth. The "declaration of rights" asserts in the plainest terms that "In all criminal prosecutions the accused hath the right to be heard by himself and his counsel." The constitution is the law paramount which binds all departments of the government.

The legislature cannot take away what the constitution guarantees, nor can the courts. On the contrary, it is the duty of the judges to obey the constitution and to enforce observance of its provisions on others. Courts may regulate the manner and time for the exercise of the right to be heard by counsel, and may limit the number and the length of the addresses to be made to the jury by general rule or by an order made in the particular case. These subjects are within the exercise of judicial discretion, and merely regulate the exercise of the constitutional right.

To deny the right altogether is beyond the power of the courts. In Cathcart v. Commonwealth, 37 Pa. 108, a similar question was raised, and, in the opinion of the court, Justice STRONG said: "The right to be heard by himself and his counsel is doubtless a constitutional right, and if it had been denied it would have been error." In the present case the right was denied. The fact that it was demanded by the accused and that the court refused to allow its exercise appear clearly upon the record, and we have no alternative.

For this error a cause, which seems to have been fairly tried in other respects, must go back for re-trial.

> Judgment reversed and venire facias de novo awarded.