## Commonwealth *v.* Polichinus, Appellant.

*Criminal law—Murder—Constitutional law—Right to be heard by counsel.*

1. Where a trial judge on the trial of an indictment for murder tells the jury, without any saving words, that they are not to consider the evidence in the light of the arguments of counsel, he commits clear, reversible error, inasmuch as he trenches upon sec. 9 of art. I, of the constitution of Pennsylvania, which provides that "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel."

*Criminal law—Murder—Improper remarks of district attorney—Exception.*

2. An improper remark addressed by the district attorney to a witness for the defense in a murder trial is not the basis for an assignment of error where neither an objection nor an exception was taken to the remark at the trial.

*Criminal law—Murder—Intent—Evidence.*

3. On the trial of an indictment for murder it is not improper to permit a witness for the commonwealth to testify that the defendant met him four hours before the shooting a mile from the place of the shooting, and asked him in a general conversation at what part of the body he would aim to shoot a man if he desired to kill.

Argued Oct. 10, 1910. Appeal, No. 226, Jan. T., 1910, by defendant, from judgment of O. & T. Northumberland Co., Dec. T., 1909, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Joe Polichinus. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before SAVIDGE, P. J.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* were (4) portion of charge quoted in the opinion of the Supreme Court.

2. When the assistant district attorney said to Peter Shelsky, defendant's witness, "Didn't I say to you up in Mt. Carmel, after I was through talking to you, that you were a little liar?" and to which defendant objected, the court erred, because it did not immediately reprimand the assistant district attorney, and request him to withdraw the remark and instantly caution the jury to entirely disregard the same.

3. The court erred in admitting the testimony of E. J. Kaufman, a witness for the commonwealth, who testified that while he was on the mountain side, chopping wood, one mile west of the place of the shooting, and four hours before the shooting, the defendant came to him and in a general conversation, idly asked of Kaufman at what part of the body he would aim to shoot a man if he desired to kill. Whereupon the witness said, that he would shoot him in the heart, to which the defendant replied that he would shoot him "across the back, or somewhere;" which conversation was not a part of the res

gestæ, and not in the nature of a threat made against the decedent or anyone else, and after which the defendant came down from the mountain side, into the borough of Mt. Carmel, and was seen there for several hours before the shooting of the decedent took place, as shown by the commonwealth's own testimony.

*L. S. Walter* and *A. F. John,* for appellant.

*A. K. Deibler,* district attorney, with him *M. H. Taggart* and *D. M. Hughes,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, November 2, 1910:

The defendant was convicted of murder of the first degree. In his charge to the jury, after reviewing the testimony, the trial judge said: "After considering that evidence carefully and dispassionately, without any feeling either for or against the defendant, or without any prejudice either for or against the commonwealth, considering it without reference to anything that may happen in the future, without any reference to consequences— because with those you have nothing to do—considering it, not in the light of the arguments or speeches, made either by the counsel for the commonwealth or for the defense, but considering it on the testimony alone, considering it in the light of cold reason, and bringing to bear upon it your cool and deliberate and very best judgment, giving the defense that same kind of consideration, if you conclude that this defendant is guilty beyond a reasonable doubt, then you ought to find him guilty." The defendant contends that these instructions practically deprived him of the effect of his right to be heard by counsel.

Sec. 9 of art. I of the constitution of Pennsylvania provides: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel." Any deprivation or material abridgment of this right may be assigned for error: Cathcart v. Com., 37 Pa. 108. The

right of the accused to have counsel assigned to defend him has existed in this state by statute since the Act of May 31, 1718, 3 Pa. Stat. at Large, 199, and only recently, by the Act of March 22, 1907, P. L. 31, the legislature supplemented this right by providing for the allowance of expenses and fees to counsel assigned in murder cases: Com. v. Darmska, 35 Pa. Superior Ct. 580.

The constitutional right to be heard by counsel carries with it the right to have arguments of counsel considered by the jury in passing upon the evidence. "Courts may regulate the manner and time for the exercise of the right to be heard by counsel, and may limit the number and length of the addresses to be made to the jury:" Stewart v. Com., 117 Pa. 378. A trial judge may properly instruct the jury that the arguments of counsel are not binding upon them, and that they are only to be guided by such arguments in so far as they are supported by the evidence and appeal to their reason and judgment; but, when the learned judge in the present case told the jury, without any saving words, that they were not to consider the evidence in the light of the arguments of counsel, he committed clear reversible error. The fifth assignment is sustained.

One other matter calls for notice. When the assistant district attorney was cross-examining an important witness for the defense, he said: "Didn't I say to you up in Mt. Carmel, after I was through talking to you, that you were a little liar?" This very properly met with a prompt reprimand from the court. The printed testimony fails to disclose that any question was being raised concerning the commonwealth's failure to call this witness, or to disclose other sufficient excuse or justification for the language of his interrogator. We have discountenanced conduct of this character in a number of recent cases, and have gone so far as to say that on appropriate occasions it may be the duty of the trial judge of his own motion to withdraw a juror. However, we did not mean by this to relieve counsel from the duty of making objection to

what they may consider to be improper harmful remarks or from the obligation of securing exceptions. The record showing neither an objection nor an exception, we are not required to pass upon the assignments covering the matter in question.

As the fifth specification of error calls for a reversal, it is not necessary to discuss the remaining assignments other than to state that we see no error in the admission of the testimony referred to in the third assignment.

The judgment is reversed, and a venire facias de novo is awarded.