# Commonwealth *v.* Jester, Appellant.

*Criminal law — Appeals — Discretion of court — Trial without counsel—Constitutional law—Trial by jury.*

An appeal by a prisoner in a criminal case from an order refusing a new trial, will not be sustained, where it appears that the prisoner was placed on trial in the absence of his counsel, but the record does not show that the court below abused its legal discretion either at the trial, or in refusing a second trial, or that the defendant's rights were not fully safeguarded by the trial judge.

Argued Oct. 5, 1915.   Appeal, No. 186, Oct. T., 1915,

by defendant, from judgment of O. & T. Philadelphia Co., May T., 1915, No. 583, on verdict of guilty in case of Commonwealth v. Benjamin Jester. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Indictment for rape. Before RALSTON, J.

At the trial the prisoner was convicted and sentenced to the penitentiary. Subsequently he filed a motion for a new trial averring that he had employed Edward A. Kelley, Esq., a member of the bar to represent him at the trial, and that neither he nor his counsel had any notice of the date set for the trial, and that he was placed on trial without the aid of his counsel, in violation of Article I, Section 9, of the Constitution of Pennsylvania. Depositions were taken in support of the motion. Subsequently the motion was dismissed.

*Errors assigned* were as follows:

1. The learned trial judge erred in abusing his discretion in his refusal to grant a new trial.

2. The learned trial judge erred in depriving the defendant of his constitutional right in violation of Article I, Section 9, of the Constitution of Pennsylvania, in the abuse of his discretion in his refusal to grant a new trial.

*Walter Thomas,* for appellant.—Defendant was entitled to notice of the date for trial and to the assistance of counsel: Galpin v. Page 18 Wall (85 U. S.) 350; Hovey v. Elliott 167 U. S. 409; Stewart v. Commonwealth, 117 Pa. 378; Cathcart v. Commonwealth, 37 Pa. 108; Commonwealth v. Polichinus, 229 Pa. 311.

No printed brief for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

The assignments of error presented urge an abuse of discretion of the court below in refusing a new trial, in

that, the defendant was "denied a substantive right, in not having an attorney to argue his case before the jury." It does not clearly appear that a request was made by the defendant for counsel to represent him on the trial. He testified in his own behalf, and his complaint of the verdict, is that it is higher in grade than his own admission warranted.

Whatever of apparent haste there was in placing him on trial in the absence of his counsel, the controlling facts of the case were fully developed on the investigation made, in disposing of the motion for a new trial.

The procedure followed in the trial court in compelling the defendant to go to trial without counsel, is not to be commended; it is liable to result in a substantial deprivation of a right guaranteed by the Constitution in Art. I, Section 6, "Trial by jury shall be as heretofore and the right thereof remain inviolate" and in Art. I, Section 9, "In all criminal prosecutions the accused hath a right to be heard by himself and counsel." Stewart v. Commonwealth, 117 Pa. 378; Mansfield's Case, 22 Pa. Superior Ct. 224; Com. v. Darmska, 35 Pa. Superior Ct. 580. Any deprivation or material abridgment of this right may be assigned for error: Cathcart v. Com., 37 Pa. 108; Com. v. Polichinus, 229 Pa. 314. The refusal of a motion for a new trial is an error in law, only when it is apparent that such refusal amounts to a clear abuse of discretion: Com. v. Roddy, 184 Pa. 274; Com. v. Mitchell, 6 Pa. Superior Ct. 369; Com. v. Spencer, 6 Pa. Superior Ct. 256. There is not enough in this record to make it clearly appear, that the court abused its legal discretion, either on the trial or in refusing another trial or that the defendant's rights were not fully safeguarded by the trial judge.

The judgment is affirmed.