## Commonwealth v. Gassel, Alias Hassel.

*Criminal law—Amendment 6 of the Federal Constitution—Article i, section 9, of the Constitution of Pennsylvania—Speedy trial—Delay because of absence of witness for prosecution—Practice—Nolle prosequi—Testimony of absent witness—Act of May 23, 1887.*

1. The 6th Amendment of the Constitution of the United States and section 9 of article i of the Constitution of Pennsylvania guarantee the defendant in a criminal prosecution a speedy public trial by an impartial jury of the vicinage.

2. A speedy trial is one conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays.

3. It is a denial of the right to a speedy trial for the court to grant an arbitrary continuance, where the accused is ready for and demands trial and may be lawfully tried, or solely because the prosecuting attorney finds himself unprepared with the evidence to convict because of the disappearance of a material witness, if the defendant is not responsible for such disappearance.

4. Where the district attorney is unable to dispose of a prosecution because of the disappearance of a material witness, the rights of the Commonwealth may be preserved by the entry of a *nolle prosequi*, thus permitting a new prosecution within the period allowed by law.

5. Section 3 of the Act of May 23, 1887, P. L. 158, provides for the use of the testimony of an absent witness under certain circumstances.

Petition by defendant for trial or discharge. Q. S. Berks Co. `

*David E. Mauger*, District Attorney, for Commonwealth.

*Robert G. Bushong, H. P. Keiser, Wilson R. Rothermel, H. Robert Mays* and *Bernard Hoffman*, for defendant.

STEVENS, J., Feb. 1, 1927.—On Dec. 13, 1926, the first day of the December Sessions, the defendant filed his petition, setting forth his arrest, hearing and binding over in January for the March Sessions, 1926, the return of true bills on Friday, March 19, 1926, and the continuance of his cases to June Sessions, 1926, because of the absence of an alleged material witness for the Commonwealth. The petition further avers that the petitioner was present at the June Sessions ready for trial, but that again the cases were continued to September Sessions, because of the absence of the same witness, against the pro-

test of the defendant; that at September Sessions, 1926, the court again granted a continuance because of the absence of the witness, again despite defendant's protest that the continuance was a denial of his constitutional right to a speedy trial; and that the cases were not listed for trial at the December Sessions, 1926. The petition prayed that the cases be called for trial and that no further continuance be granted. On the same day, an amended petition containing the same prayer was filed, in which the only new matter alleged was that the true bills had been secured at the March Sessions, 1926, in the absence of the alleged material witness. On Dec. 15, 1926, the district attorney answered, not admitting defendant's presence at the March Sessions, 1926, prepared to meet the accusations contained in the indictment; denying his presence at the June and September Sessions "ready for trial and prepared to meet the accusations;" admitting that he had not asked to have the witness put under bail because he could not legally do so, and that he had not caused the arrest of the witness in the exercise of his discretion and judgment; and averring his willingness to disclose to the court his efforts to secure the attendance of the witness. The district attorney, further answering, averred that the delay had been necessary and unavoidable in the highest interest of justice and public welfare; that the Commonwealth would be unjustly hampered if required to go to trial at the time; and that the missing witness is an indispensable witness without whose testimony the Commonwealth will be unable to convict. The answer closes with an expression of belief that the witness was induced to go and remain away by the connivance of the defendant, and asks that the petition be dismissed.

On Dec. 17, 1926, a second amended petition was filed, containing all the averments of the previous petitions, modifying alone the prayer of the petition to ask that the cases be called for trial at the then session of court, which was about to close, or that the defendant be discharged.

Depositions in support of the petition were taken. They are the testimony of counsel, five attorneys for the defendants, the petitioner himself not testifying, all to the effect that the defendants were ready, prepared for trial, and either in court or in counsel's office or available at all times by telephone. There is no testimony that this defendant ever requested a continuance. His counsel did not object when told that the cases would not be called at the first session of court.

Article I, section 9, of the Constitution of Pennsylvania provides that in all criminal prosecutions the accused has a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage. The Constitution of the United States, Amendment 6, provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed.

The defendant here invokes the protection of his constitutional right to a speedy trial. He is met with the answer by the prosecuting officer that he is unable to proceed with the trial because of the absence of a witness without whose testimony he cannot convict. There is no charge that the officer has not made every reasonable effort to secure the attendance of the witness, although that fact is not admitted, nor is there any charge that the defendant is responsible for the absence of the witness, although that fact is not admitted. There is an expression of belief on the part of the officer, but, so far as appears, there is nothing to support that belief beyond suspicion. Of

Commonwealth v. Gassel, alias Hassel.

course, if that were actually the case, there would be no hesitancy in further continuing the cases: Respublica v. Arnold, 3 Yeates, 263, and the defendant would be in no position to demand what his own act was rendering impossible.

The right to a speedy trial is a substantive right, esteemed of such great importance as to be embodied in the Constitution of the United States and in the Bill of Rights of our State Constitution. We cannot, nor have we any desire to, abridge it in any way. We are bound by the Constitution, and neither the legislature nor the courts can take away what the Constitution guarantees: Stewart v. Com., 117 Pa. 378. No court has any discretionary power to deny an accused person a right so important. This constitutional provision, adopted from the old common law, is intended to prevent the oppression of the citizen by holding criminal prosecutions over him for an indefinite period, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal prosecutions: 8 Ruling Case Law, § 24, page 70.

A speedy trial is one conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays. One cannot demand a trial immediately upon arrest, but he must wait until a regular term of the court, until an indictment is found and until the prosecution has had a reasonable time to prepare for the trial. The law does not exact impossibilities or extraordinary efforts, diligence or exertion from the courts or the representatives of the State; nor does it contemplate that the right of speedy trial which is guaranteed to a prisoner shall operate to deprive the State of a reasonable opportunity of fairly prosecuting criminals: In re Begerow, 85 A. S. R. 178, 188. The purpose of the constitutional provision is at least in part the same as stated by Justice Todd, cited in Clark v. Com., 29 Pa. 129, 135, as the purpose of the Habeas Corpus Act of Feb. 18, 1785, 2 Sm. Laws, 275, "to provide against the abuse of procrastinated trial, to provide not only against the malice of the prosecutor and against his negligence, against all his delays, with cause or without cause; against every possible act or want of action of the prosecutor; but not to shield a prisoner in any case from the consequences of any delay made necessary by the law itself." The Constitution intended to prevent wilful and oppressive delay: Com. v. Jailer, 7 W. 366, but a delay made necessary by the usual and ordinary procedure provided by law in criminal cases is, of course, permissible. It has been held to be a denial of the right to a speedy trial for the court to grant an arbitrary continuance where the accused is ready for and demands trial and may be lawfully tried, or solely because the prosecuting attorney finds himself unprepared with the evidence to convict when his condition is not the result of improper practice on the part of the prisoner or of some one acting with or for him: 8 Ruling Case Law, § 26, page 72.

The bills were found on the last day of the first week of March Sessions, and the cases were continued because of the absence of the witness, without objection by the defendant, because it was felt that the court would grant the application. At the June Sessions, the matter was called to the attention of the court by a request that the cases be called for trial, but the court, regarding nothing more before it than a request that the cases be called for trial, and, the order of calling cases being a matter for the district attorney, declined to order the trial. In September again a motion for ordering the cases for trial was denied. In December the petition to discharge the defendant was filed. Here is a defendant who has been ready and asking for a trial for almost a year. The district attorney, through no fault of his, has been

Commonwealth v. Gassel, alias Hassel.

unable to produce a witness without whose testimony he cannot make out a case and whose presence at some future day is by no means sure. So far as appears from anything before us, the absence of the witness is unexplained, and mere suspicion cannot serve as proof that the defendant is responsible for the absence of the witness. Nor has the defendant been responsible for any of the continuances. This defendant in the law has the same right to a speedy trial that is guaranteed to every person accused of a crime, no matter who or what he is or may be. Those rights we have no right to deny him. The rights of the Commonwealth may also be preserved by appropriate action on the part of the prosecuting officer by the entry of a *nolle prosequi*, the entry of which will permit a new prosecution within the period allowed by law.

While it is, of course, usually more desirable that a witness appear and testify in person before the jury trying the case, yet there are circumstances under which his testimony may be used in his absence: Act of May 23, 1887, § 3, P. L. 158.

And now, to wit, Feb. 1, 1927, unless the cases against the defendant are disposed of at the March Sessions, 1927, the prayer of the petition for the discharge of the defendant will be granted.

From Charles K. Derr, Reading, Pa.