Commonwealth *v.* Wood et al., Appellants.

Argued April 9, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Lemuel B. Schofield,* with him *W. Bradley Ward,* for appellants.

*Harry Felix,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney.

OPINION BY BALDRIGE, J., July 18, 1935:

The defendants were tried jointly on two bills of indictment, one charging conspiracy to cheat and defraud J. Harold Van Sciver "by means of procuring the making and signing, and of uttering and publish-

ing as true, a large number of fraudulent written instruments consisting of divers promissory notes." purported to have been given by the makers as consideration for the sale and delivery of oil burners. The other indictment charged the obtaining of the prosecutor's endorsement of certain promissory notes upon the alleged false representations (1) that the makers had agreed to purchase oil burners; (2) that the defendants had sold and delivered oil burners to the makers; and (3) that the notes had been received by the defendants as part payment.

The prosecutor, Van Sciver, is a manufacturer of oil burners, and appointed the defendants as his sales agents in Philadelphia. He testified that he agreed to endorse notes given to the defendants by purchasers of oil burners, in order that the defendants could have them discounted at a bank.

The Commonwealth's testimony was that there were three of these notes, which were not given for the purchase of oil burners but for the accommodation of the defendants. They were discounted by the defendants and the proceeds thereof placed to their credit, and were eventually paid by the prosecutor who had endorsed them.

The defendants were convicted on both bills. This appeal followed.

We will not treat separately, although they have all been considered, the eighteen assignments of error which have been advanced by the appellants in support of their contention that they were not accorded a fair trial. We will confine our discussion to those relating to the charge of the court, which, in our judgment, deserve special attention.

The learned court below instructed the jury, in part, as follows:

"You are to find the verdict on the evidence, not what

counsel say about the evidence. You are not to be misled by the arguments of counsel, although you are to consider them."

But later in the charge, we find this language:

"I say to you again you are not to be misled or your attention distracted from the evidence by arguments about it ...... You must scrutinize the evidence, and the evidence is what you are to be guided by, not by anything counsel say about it, or what I say about it."

Thus, in effect, the jury was instructed in the latter portion of the excerpt quoted not to give consideration to the argument of defendants' counsel. The trial judge not only may, but it is also his duty promptly to, correct flagrant misstatements made by counsel and confine arguments within the limitation of legitimate advocacy. But he is not justified in informing the jury to ignore an argument of counsel made with entire propriety: 64 C. J. p. 583. A defendant has the constitutional right "to be heard by himself and his counsel": Article 1, §9, of the Constitution. Defendants' counsel was obliged, as an advocate, to advance, with as much force and skill as was within his ability, all reasonable inferences in favor of his clients which were properly warranted by the evidence: Com. v. Brown, 309 Pa. 515, 164 A. 726. In Com. v. Polichinus, 229 Pa. 311, 314, 78 A. 382, the court said:

"The constitutional right to be heard by counsel carries with it the right to have arguments of counsel considered by the jury in passing upon the evidence ...... A trial judge may properly instruct the jury that the arguments of counsel are not binding upon them, and that they are only to be guided by such arguments in so far as they are supported by the evidence and appeal to their reason and judgment; but, when the learned judge in the present case told the jury, without any saving words, that they were not to

consider the evidence in the light of the arguments of counsel, he committed clear reversible error."

In the Brown case, supra, the trial judge characterized the argument as "an harangue," and instructed the jury as follows: "But look upon his innocence or guilt, according to the testimony you have heard from the witness stand and absolutely nothing else." In the more recent case of Com. v. Talarico, 317 Pa. 481, 177 A. 1, the trial judge stated to the jury (pp. 483-4): "Base your conclusion upon the facts you have heard from the witness stand, and absolutely nothing else." But there the trial judge also said: "You may adopt the argument of the district attorney in toto, or you may reject it; and you may adopt the argument of defendant's counsel in toto, or you may reject it and reach your own conclusion." The court held that this instruction was not error.

Turning now to another portion of the charge in the instant case, we find more serious objections. The court, in discussing the testimony of defendants' good reputation for honesty and fair dealing, stated:

"There is only one other point that I can recall, and that is the subject of character evidence: Character evidence, as you have been told before, is substantive, and can, by itself, raise a reasonable doubt, where otherwise such a reasonable doubt would not exist
. . . . . .

"You must remember, above all things, that Mr. Wood's and Mr. Tunney's character is not in issue. The ultimate issue here is whether they are guilty or innocent of the offenses with which they are charged, that is to say, if, by reason of the manipulation of these notes in the way I have described to you, they have cheated or defrauded, whether they have done that as a result of false representations. That is the thing you are to keep in mind and the main thing. The evidence

274

of reputation can raise a reasonable doubt as to that where otherwise you wouldn't have it."

In our view, the lower court unwittingly fell into error in charging that the defendants' character was not in issue. The reputation of each defendant was, as the judge properly said, a substantive fact, like any other fact that tends to establish a defendant's innocence, and, as such, it was in issue. This was an important element in defendants' case, not to be rejected and disregarded by the jury. It should have been given due consideration with the other evidence, in determining the guilt or innocence of the defendants: Com. v. Castellana, 277 Pa. 117, 121 A. 50; Com. v. Chester, 77 Pa. Superior Ct. 388; Com. v. Mack, 92 Pa. Superior Ct. 165; Com. v. Matteo, 100 Pa. Superior Ct. 115.

The learned judge also instructed the jury, as follows:

"There is, of course, a prima facie case here against these defendants, or the court would have taken the matter from your consideration. That evidence is for you to consider, together with the evidence brought forward by the defense to rebut the Commonwealth's proof."

This was a misleading statement of law, as it carried the implication that when the Commonwealth had made out a case warranting the submission of the issues involved to the jury the burden shifted to the defendants to show their innocence. The onus of proof in a criminal action, except where there is an affirmative defense, which was not relied upon here, never shifts from the Commonwealth to a defendant. The presumption of the defendants' innocence remained throughout the trial, with the burden on the Commonwealth of proving their guilt beyond a reasonable doubt. The Commonwealth's evidence, if accepted by the jury, warranted a conviction, but it did not necessarily establish the guilt of the defendants unless rebutted by

proof. If no evidence had been offered by the defense, their guilt or innocence would have continued to be a question for the jury.

Defendants' counsel informed the judge immediately after the charge that he desired to file exceptions to his instructions. The jury was allowed to retire and the judge's attention was then specifically called by counsel to the portions of the charge to which we have referred. If the judge had desired, he could have readily recalled the jury to make the necessary changes.

We are not inclined to reverse convictions for formal errors where we are convinced that the accused's legal rights have been preserved and a fair trial had, or to consider excerpts only without giving due weight to the charge as a whole. But we can not overlook the above extracts from the instructions to the jury, as, in our judgment, taking the charge in its entirety, the trial judge committed fundamental errors that were prejudicial to the defendants.

For the foregoing reasons, judgment is reversed with a venire.