## Commonwealth *v.* Thacker, Appellant.

Argued October 8, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph M. Orringer,* with him *Max J. Spann* and *Arnold J. Lange,* for appellant.

*Andrew T. Park,* District Attorney, *Chauncey Pruger,* Assistant District Attorney, and *Louis Kaufman,* for appellee, were not heard.

OPINION BY MR. JUSTICE BARNES, November 12, 1937:

The defendant, James Thacker, and a certain Willie Mitchell, were indicted for the murder of Roscoe Martin. At the time of the defendant's trial Willie Mitchell had not been apprehended. From the testimony it appears that while Martin was walking to his home along Perry Street in the City of Pittsburgh, on January 14, 1936, about 9:45 o'clock p. m., he was attacked and shot by Mitchell and the defendant. Martin died several days later from the wounds so received.

The defendant and Mitchell were identified as the slayers of Martin by the testimony of Martin's sister, who was an eyewitness to the attack, as well as by the dying declarations of Martin, made immediately after the attack, and while he was in the hospital. There were other witnesses to the shooting of Martin. It is alleged that there was animosity on the part of the defendant

towards the deceased because of a quarrel in which they had engaged, with others, several days prior to this fatal shooting. During this affray, one Montgomery, who was a participant and a friend of the defendant, was wounded, and the deceased Martin was charged with the shooting. He was arrested and released on bail. The attack upon Martin, which resulted in his death, grew out of this occurrence.

The defendant pleaded "not guilty." The jury returned a verdict of murder in the first degree, and fixed the penalty at life imprisonment. The defendant's motion for a new trial was overruled by the court below, and judgment and sentence of life imprisonment were imposed, from which the defendant has taken this appeal. While there have been assigned as error certain remarks of the District Attorney, which it is charged were improper, these assignments were not pressed at the argument. Accordingly we are here concerned solely with the question whether portions of the charge of the trial judge were erroneous and prejudicial, because they deprived defendant of his constitutional right to be heard by his counsel.*

The specific complaint of defendant refers to a portion of the charge as follows: "You should proceed with your duty without prejudice or partiality, with just one purpose, to render a verdict according to the law and the evidence and *you should put everything else out of your mind.* It is natural that counsel should be partisan; it is possible that some of these witnesses are partisan, but when the jury come to consider the case they should do everything in their power to make certain that there is no partisanship in their decision. *They should do everything possible to disabuse themselves of everything outside the case and confine their attention to the testi-*

---

* Art. I, Section 9 of the Constitution of Pennsylvania provides that "In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel."

*mony* and on the basis of the testimony, using the best judgment of which you are capable, and on the law given to you by the court, return a verdict which your conscience and judgment dictate as a just verdict according to the law."

It is the contention of defendant that by these instructions the jury was in effect told to disregard the arguments of counsel in its deliberations; that the jury was to consider the case in the light of the testimony and the law alone, and to put out of mind everything else, meaning the partisan efforts of counsel. Therefore, defendant asserts, the jury was precluded from considering the arguments of counsel on his behalf, in violation of his right under the Constitution.

The accused is not only entitled to be heard by counsel, but also to have the arguments of his counsel considered by the jury in passing upon the evidence. Any material abridgment or interference with this right constitutes reversible error: *Stewart v. Commonwealth,* 117 Pa. 378. Accordingly it is well settled that a trial judge may not instruct the jurors that they are not to consider the arguments of counsel: *Com. v. Polichinus,* 229 Pa. 311, or refer to such arguments contemptuously: *Com. v. Brown,* 309 Pa. 515. However, as we said in *Com. v. Polichinus,* supra (p. 314) : "A trial judge may properly instruct the jury that the arguments of counsel are not binding upon them, and that they are only to be guided by such arguments in so far as they are supported by the evidence and appeal to their reason and judgment."

We have examined the charge as a whole, and particularly have read in relation to its context that portion to which exception is taken. This is in accordance with our rule that the charge cannot be separated into parts, and these treated piecemeal: *Com. v. Welch,* 291 Pa. 40; *Com. v. Touri,* 295 Pa. 50; *Com. v. Thompson,* 321 Pa. 327. The first sentences of the challenged part thereof have no reference in the context to the argu-

ments of counsel. The trial judge was referring to the juror's oath. This clearly appears when the context is read, as follows: "You are called in here to serve as jurors, sworn in this case, and I would like you to recall your oaths to render a true verdict under the law and the evidence. Jurors seeking to discharge this duty should know the importance of it, the importance to the public and to the defendant. *You should proceed with your duty without prejudice or partiality, with just one purpose, to render a verdict according to the law and the evidence and you should put everything else out of your mind.*" It is difficult to see how this language can be taken as a direction to the jury to eliminate from consideration the arguments of counsel.

The same may also be said of the latter part of the challenged portion of the charge. There is nothing that the trial judge there said which fairly admits of the interpretation urged by defendant. The court was explaining to the jury that the function of counsel in a case is to advance arguments which strengthen his cause, and criticisms which point out the weakness of his opponent's case. To call to the jury's attention that counsel is partisan is cautionary instruction that may be justified by the stress of trial, without in any way minimizing the effectiveness of the arguments, or depriving the accused of his right to be heard by counsel.

Throughout this charge we find that the court makes reference to counsel's arguments to the jury. At one point it is said "It becomes my duty at this stage of the case to give you what is called the charge of the court. That is, the usual procedure is that witnesses and counsel are heard and the court gives the jury their instructions on the law of the case." Again it is stated: *"Counsel have summed up the testimony and each of them has presented to you the circumstances of the case which he considers to be material and important and he has offered the criticism which he believes to be proper of the case on the other side.* So I believe you have the

matter fairly before you and I am only going to crystallize the matter in your minds, the theory of the Commonwealth and the defendant." Finally at the end of the charge we find the court said: "Unless there is something else counsel wish me to say I will submit the matter to you after giving you the points." As a last invitation to call the court's attention to any matter requiring the instruction of the jury the court asked counsel: "Is there something else, Gentlemen?" Thereupon a request was made by counsel for the defense to charge the jury concerning dying declarations, with which request the court complied.

After an examination of the charge we find nothing to support the assertion that its effect was to deny to defendant the right to be heard by his counsel. Nor do we share the view that the portions complained of are within the rulings in *Com. v. Polichinus,* supra; *Com. v. Brown,* supra, and *Com. v. Wood,* 118 Pa. Super. Ct. 269, as defendant earnestly contends. In these cases the jury was told in explicit language not to consider the arguments (or speeches) of counsel, to be guided by the evidence "not by anything counsel say about it," and "to turn as deaf an ear to any harangue of that kind," (referring to the arguments of counsel). These instructions properly were held to be erroneous and prejudicial. But certainly the language here used by the trial judge is not of the same objectionable character.

The evidence in the case discloses all the elements of murder in the first degree, and the jury was warranted in so finding. The defendant received a fair and impartial trial, and his constitutional rights were not denied or abridged by the charge of the trial judge. Accordingly all assignments of error are overruled.

The judgment is affirmed.