## Commonwealth ex rel. Madison, Appellant *v.* Rundle.

14

Submitted January 2, 1968. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Ralph Madison*, appellant, in propria persona.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio*, Assistant District Attorneys, *John R. Graham*, First Assistant District Attorney, and *Paul R. Sand*, District Attorney, for appellee.

Opinion by Mr. Justice O'Brien, March 15, 1968:

Appellant, while represented by counsel, entered a plea of guilty to murder generally. An adversary proceeding ensued before the court, in which the Commonwealth attempted to prove first degree murder and appellant contended for voluntary manslaughter. The trial court fixed the degree of guilt at murder in the second degree and imposed a sentence of imprisonment of not less than 7½ nor more than 15 years. No appeal from the judgment of sentence was taken.

Some 8 months subsequent to the imposition of sentence, appellant filed a "Petition For A Writ of Habeas Corpus: Pursuant to: Article I, §9 Const., Unit-

ed States: Direct Appeal Nunc Pro Tunc". The court below treated the petition as both a habeas petition and a petition for relief under the Post Conviction Hearing Act and dismissed it without hearing. We affirm.

Appellant argues that he was mentally coerced into entering a guilty plea. He does not allege that any pressures were brought to bear or that any threats or promises were employed to induce the plea. Instead, he contends that the language of the Act of June 24, 1939, P. L. 872, §701, 18 P.S. 4701, induced the plea by posing the threat of the death penalty. That statute provides, in part, that : "Whoever is convicted of the crime of murder of the first degree is guilty of a felony and shall be sentenced to suffer death in the manner provided by law, or to undergo imprisonment for life, at the discretion of the jury trying the case, which shall, in the manner hereinafter provided, fix the penalty." Appellant is apparently laboring under two misapprehensions. His argument leads to the conclusion that he believes that he could be sentenced to death only after a conviction by a jury of first degree murder and that such a sentence would be mandatory. As a corollary, he obviously believes that a guilty plea precludes a death sentence. In any event, appellant argues that he was deprived of a jury trial because of the threat of the death penalty contained in the quoted statute, which language coerced his plea.

Aside from the obvious logical errors in this argument, an examination of the record discloses with crystal clarity that appellant understood his situation fully. The trial court took great pains to inform appellant that in the event of a guilty plea, he could be found guilty of first degree murder and sentenced to death, and that no promises or commitments existed.

A full explanation of the situation was made, and no question can possibly exist of appellant's understanding.

The plea was freely entered after a searching inquiry to safeguard appellant's rights, and no violation of his right to trial by jury is involved. While, concededly, he had an absolute right to trial by jury which no one could infringe, he could, in effect, waive this right by a guilty plea. *Com. v. Kirkland,* 413 Pa. 48, 195 A. 2d 338 (1963), and cases cited therein.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.