UNITED STATES of America ex rel. Maurice Andrew BROWN

v.

Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pa.

Misc. No. 69-559.

United States District Court, E. D. Pennsylvania.

July 28, 1970.

Professor Gerald Abraham, Villanova University School of Law, Villanova, Pa., for relator.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

MASTERSON, District Judge.

Relator and his co-defendant Robert Robinson were arrested on March 8, 1966 on a charge of aggravated robbery, namely, forcibly taking $12.01 from one Glenn Scott, a newspaper-boy. Having signed a jury waiver form they were tried jointly before a judge of the Court of Quarter Sessions of Philadelphia County on June 17, 1966. Relator and his co-defendant were convicted and both received sentences of 15 months to 5 years. Relator did not appeal his conviction. Relator was paroled after serving 20½ months, but was reincarcerated on June 29, 1968 as a technical parole violator for changing employment and address without permission of his parole officer. Relator is still incarcerated as a technical parole violator.[1]

Relator challenged his conviction in the state courts when he filed on September 3, 1968, a post-conviction hearing act petition. A hearing was held on April 16, 1969 and the matter was taken under advisement. Meanwhile, relator's co-defendant Robert Robinson also filed a post-conviction hearing act petition and a hearing was held before another judge on May 1, 1970. On that day Robinson was granted relief and a new trial was ordered in his case.[2] Relator was denied relief on his PCHA petition on July 8, 1969 without an opinion. Relator did not file a timely appeal of this decision, but petitioned the Superior Court for leave to appeal *nunc pro tunc.* This petition was denied on September 22, 1969. The habeas corpus petition presently before the Court was filed on November 4, 1969. Counsel was appointed for relator and oral argument held on July 1, 1970.

Relator challenges his conviction on four grounds, namely:

(a) Relator was denied his constitutional right to a fair trial by an impartial trier of fact by the premature determination of guilt by the court and by the court's conduct of the trial.

(b) Relator was denied his constitutional right to counsel by the trial judge's decision of guilt before the defense counsel was given an opportunity to make his argument in summation.

(c) Relator was denied his constitutional right to effective assistance of counsel because trial counsel did not have sufficient time to prepare an adequate defense.

(d) Relator was denied his constitutional right to trial by jury because he did not make an intelligent and effective waiver of that right.

Before reaching the merits of relator's contentions, we must dispose of two procedural matters. The Commonwealth urges that we dismiss this petition (1)

---

1. Under Pennsylvania law relator can be required to serve the balance of his unexpired term as a parol violator without credit for time on parole. Hence, relator may be incarcerated for approximately another 16 months. 61 P.S. § 331.21a.

2. See *Commonwealth v. Robinson,* No. 3543 of 1966, opinion filed August 28, 1969. The Commonwealth appealed this decision but withdrew the appeal on November 11, 1969.

because relator has allegedly deliberately by-passed state remedies by failing to appeal his conviction or (2) because relator has allegedly failed to exhaust state remedies. For the reasons set out below, we will not dismiss this petition.

■ The Commonwealth's argument that we dismiss this petition because of relator's alleged deliberate by-pass of state remedies is based on the case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). There, the Court held that a habeas corpus applicant who deliberately foregoes the privilege of vindicating his federal claims in the state courts may forfeit all rights to habeas corpus relief. 372 U.S. at 438, 83 S.Ct. 822. The Commonwealth argues from this that relator's deliberate failure to appeal his conviction disentitles him to relief here. We do not agree. Initially, we must point out that this rule of deliberate by-pass of state procedures is not an absolute one, as the Commonwealth would have it, but rather is addressed to our discretion. 372 U.S. 438–439, 83 S.Ct. 822. Turning to the record here, it shows that relator did not appeal his conviction on advice of counsel that such an appeal would be useless with no chance for victory, and would severely damage his chances for an early parole. See Notes of Testimony of PCHA hearing of April 16, 1969, pages 40–41. Moreover, relator has in fact sought relief in the state courts under the Post-Conviction Hearing Act and a decision has been rendered after a hearing on the merits of his constitutional claims. Under all these circumstances, we refuse to dismiss this petition on the ground that relator has deliberately by-passed state procedures. See Anders v. Tumer, 379 F.2d 46 (4th Cir. 1967).

■ The Commonwealth's argument that relator has failed to exhaust state remedies is based on the fact that it will *now* concede relator's right to appeal *nunc pro tunc* to the Superior Court the dismissal of his PCHA petition and will *now* join in such a petition.

We fail to see how the interests of justice will be served by asking relator to return again to the state courts. As we view it, relator has presently exhausted his state remedies because, absent the Commonwealth's offer to now join in relator's petition for appeal *nunc pro tunc*, relator has no state court to which he can turn.

■ Turning to the merits of relator's claim, we find that relator was denied his rights to a fair trial and to a trial by jury. The judge who granted relator's co-defendant's post-conviction petition held that the record there established, *inter alia*, that:

(a) "The defendant was not properly advised of his right to a jury trial. The record is void of any advice having been given to him in this regard and moreover, the record establishes that the defendant did not understandingly waive that right. Commonwealth v. Kirkland, 413 Pa. 48, 53, 195 A.2d 338 (1963); cf. Commonwealth ex rel. Madison v. Rundle, 429 Pa. 13, 16, 239 A.2d 391 (1968). Accordingly, defendant's right to trial by jury, having not been understandingly waived by him was effectively denied him." [3] (The Court cited the Trial Transcript of June 17, 1966, pages 5, 29; and the Transcript of the Post-Conviction Hearing of May 1, 1969, pages 6, 10, 14–16, 20–21); and

(b) "Defense counsel was not given a fair and proper opportunity to present argument on behalf of his client, prior to the adjudication of guilty by the Court. cf. Commonwealth v. Pinkenson, 138 Pa.Super. 485, 11 A.2d 176 (1940); Commonwealth v. Thacker, 328 Pa. 402, 194 A. 924 (1938)." [4] (The Court cited the Trial Transcript of June 17, 1966, pages 30–32).

The record before us reveals that relator, who was tried jointly with his co-defendant, was denied these same con-

---

3. Commonwealth v. Robinson, No. 3543 of 1966, opinion of August 28, 1969, at page 1.

4. *Id.* at 2.

stitutional rights. (Trial Transcript of June 17, 1966, pages 30–32; Transcript of Post-Conviction Hearing of April 16, 1969). Accordingly, we will enter an order granting relator's petition for a writ of habeas corpus.[5]

We wish to take this opportunity to express our sincere thanks to Professor Gerald Abraham of the Villanova University School of Law, and those members of the Villanova Law School Habeas Corpus Project who assisted him, who as court-appointed counsel so ably represented the relator.

---

5. We do not reach the merits of relator's claims that he was denied effective assistance of counsel because of counsel's late appointment and that he was denied a fair trial due to the trial court's conduct of the trial.