Commonwealth *v.* Bullock, Appellant.

318

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Maxine J. Stotland, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

On April 22, 1974, appellant, following a waiver of jury trial, was convicted of burglary and criminal conspiracy. He was sentenced to eleven and one-half to twenty-three months imprisonment. In this appeal, appellant contends that the jury waiver colloquy was inadequate to establish that appellant knowingly and intelligently waived his right to a jury trial.[1]

---

[1] The record indicates the waiver of jury trial as follows: BY MR. KELLY (Defense Counsel): "Q. I am going to ask you a number of questions and I want you to speak up nice and loud so his Honor can hear you and also the stenographer. How old are you? A. 20. Q. How far did you go in school? A. Fourth. Q. Fourth grade? A. Yes. Q. And what school was that? In Philadelphia? A. In Philadelphia. Q. And today are you on drugs or alcohol? A. No. Q. Have you ever been in a mental institution or under psychiatric care? A. Mental institution. Q. Mental institution? A. State institution. MR. KELLY: He has not been in a mental institution. BY MR. KELLY: Q. Now today do you understand you are going to trial? A. Yes. Q. You understand you have an absolute right to a jury trial? A. Yes. Q. Let me explain to you what a jury is composed of. A jury is composed of twelve persons selected from the community who would come in here today, and based upon all of the evidence, would determine whether you were guilty or not guilty. You understand that? A. Yes. Q. And if one or more of the jurors decide that you are not guilty, then you cannot be convicted. In other words, the Commonwealth must prove beyond a reasonable doubt and all the jurors must agree that you are so guilty before you can be found guilty. You understand that? A. Yes, sir. Q. And do you understand that his Honor, if you waive the right to a jury trial, his Honor would act as a jury, and he would act as though twelve persons and he would determine whether you are guilty or not guilty. You understand that? A. Yes. Q. Now, as I stated before, you could waive your absolute right to a jury trial and, in that case, the case would be heard here in front of the Judge. What is your desire? A. Trial by the Judge. Q. Did anybody promise you anything or threaten you to waive your right to a jury trial? A. No, sir. THE COURT: I will accept the defendant's waiver. Please arraign him." (NT 3-5)

Rule 1101, *Rules of Criminal Procedure,* requires that a judge[2] ascertain from the defendant whether the waiver of the jury trial is a knowing and intelligent waiver. In *Commonwealth v. Williams,* 454 Pa. 368, 312 A. 2d 597 (1973), Pa. R. Crim. P. 1101 was interpreted to require a jury waiver colloquy to include "the essential ingredients of a jury trial which are necessary to understand the significance of the right [the appellant] is waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." 454 Pa. at 373, 312 A. 2d at 600. See also *Commonwealth v. Fugmann,* 330 Pa. 4, 198 A. 99 (1938). In the instant appeal, the waiver of jury trial is controlled by the *Williams* standards. See *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503, 322 A. 2d 707 (1974), where this court held that *Williams* was to be applied prospectively as of the day after November 26, 1973. See *Johnson v. New Jersey,* 384 U.S. 719 (1966) (*Miranda* only applies to trials begun the day after the decision).

The application of the *Williams* standard does not require the triggering of a "per se prophylactic rule",

---

The record also contains a form, signed by the appellant, titled, "Waiver of Jury Trial and Election to be Tried by a Judge Without a Jury."

[2] In this case, the waiver colloquy was conducted by the appellant's attorney. Although this procedure is not fatally defective, we note that it is the better practice for the trial judge to personally conduct the waiver colloquy. See Rule 1101, *Rules of Criminal Procedure.* In the final analysis the Judge is responsible for the contents of the colloquy and, therefore, should by his own questions be assured that the waiver is intelligent. See also ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to the Function of the Trial Judge* §4.3 (Approved Draft 1972).

because as the *Williams* court noted, "[i]n this [area of waiver of jury trials] there has been no showing of widespread flagrant disregard to justify formulation of [a per se prophylactic] rule at this time." 454 Pa. at 372, 312 A. 2d at 600. Thus, although a review of the record indicated that appellant had not been informed at the time of the waiver of jury trial that he would be allowed to participate in the selection of a jury, *Williams* does not require a new trial to be granted.[3] However, *Williams* does require a remanding of the case for an evidentiary hearing where the Commonwealth has the burden of establishing the knowing and intelligent nature of appellant's waiver of jury trial.[4] Cf. *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A. 2d 521 (1972) (cases cited therein).

Judgment of sentence reversed and case remanded for an evidentiary hearing consistent with this opinion.

---

[3] In *Williams*, the appellant was granted a new trial in view of the court's determination that the record failed to establish that appellant had sufficient knowledge of the right to waive a jury trial. Williams had appealed from a Superior Court directed evidentiary hearing pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §1 (19 P.S. §1180-1) *et seq.*, at which the lower court denied the requested relief. The Supreme Court noted that they "agreed with appellant that the record on its face, even considering the subsequent hearing, [did] not justify the finding of a knowing and intelligent waiver." 454 Pa. at 373, 312 A.2d at 600.

[4] At this hearing, the Commonwealth may introduce evidence to show appellant's understanding of the waiver of jury trial, e.g., familiarity of the waiver through prior encounters with the judicial system. For enunciation of standards generally applied to determining whether a defendant's right has been knowingly and intelligently waived, see *Commonwealth v. Hooks*, 450 Pa. 562, 301 A.2d 827 (1973) ; *Commonwealth v. Stokes*, 450 Pa. 167, 299 A.2d 272 (1973) ; *Commonwealth v. Garrett*, 439 Pa. 58, 266 A.2d 82 (1970).