## Commonwealth v. Duncan

*Edwin W. Frese, Jr., Deputy District Attorney,* for Commonwealth.
*William H. Naugle,* for defendant.

WICKERSHAM, *J.*, June 15, 1977 — Charles Alonzo Duncan has been tried and convicted of

kidnapping and rape.[1] He waived jury trial, opting instead to have his case tried by the court. He now brings these motions for a new trial and in arrest of judgment alleging his waiver was not knowingly and intelligently entered as required by Pa. R. Crim. Proc. 1101.[2]

Commonwealth v. Williams, 454 Pa. 368, 373, 312 A.2d 597 (1973), sets forth the preferable colloquy to be had with a defendant waiving his right to a jury trial. There must be on record an indication that the defendant ". . . knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel."

In the present case, defendant was explicitly advised that the jury would be selected from the community of Dauphin County. He was similarly advised that he had a right to a jury trial. The record colloquy does not disclose, however, that de-

---

1. Trial commencing October 18, 1976, before Judge Richard B. Wickersham. William H. Naugle, Esquire, for the defendant and Edwin W. Frese, Jr., Esquire, Deputy District Attorney, for the Commonwealth. Trial counsel has since withdrawn.

2. "Rule 1101. Waiver of Jury Trial. In all cases the defendant may waive a jury trial with the consent of his attorney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. . . ."

fendant was similarly explicitly advised that in order to be found guilty at a jury trial the verdict must be unanimous. Duncan claims this to be a fatal defect rendering his waiver unknowing and unknowlegeable per se. The issue, then, is whether the standards of Williams, supra, are a sine qua non to establishing a knowing and intelligent waiver; whether the inquiry ends once it is found the colloquy omitted one of the three "basic" elements; or whether a permissible waiver may be established by facts extrinsic to the colloquy and which supplement that colloquy.

The Williams court made clear its feelings on this subject: "When we make rules for criminal proceedings we do so in order to protect the rights of the individual and therefore we expect strict compliance with those rules. However, a prophylactic exclusionary rule is applied only in extreme cases where all other attempts to secure compliance have proven unsuccessful . . . In this area there has been no showing of widespread flagrant disregard to justify formulation of such a rule at this time." Commonwealth v. Williams, supra, at 372.

We understand this to mean that when one party relies solely upon the colloquy to establish a constitutionally permissible waiver, then the minimum legal requirement is that the defendant be informed of his right to a jury and, if applicable, the requirement of a unanimous verdict. Cf., Apodaca v. Oregon, 406 U.S. 404 (1972); Commonwealth v. Alston, 234 Pa. Superior Ct. 639, 642, 340 A.2d 507 (1975). If, however, the Commonwealth can show conclusively that the record, viewed as a whole, supports a conclusion that the waiver was indeed knowing and intelligent, then we do not

feel the defendant should be entitled to restrict the inquiry solely to the few pages containing the record colloquy: Commonwealth v. Bullock, 232 Pa. Superior Ct. 317, 332 A.2d 459 (1974). A contrary holding would be an untenable extension of form over substance and would pervert the traditional concepts of due process of law.

While it is clear that Williams does not trigger the automatic grant of a new trial, it does require that all the elements enumerated therein be collated in the record. A further evidentiary hearing is therefore required in which the Commonwealth will have the burden of establishing the knowing and intelligent nature of Duncan's waiver: Commonwealth v. Bullock, supra. At this hearing, the Commonwealth may introduce evidence of defendant's familiarity with the waiver through prior encounters with the judicial system, as well as any other facts and circumstances germane to the issue of unanimity: Commonwealth v. Bullock, supra.[3]

## ORDER

And now, June 15, 1977, defendant having filed post-trial motions for a new trial and in arrest of

---

3. See, generally, Commonwealth v. Hooks, 450 Pa. 562, 301 A.2d 827 (1973); Commonwealth v. Stokes, 450 Pa. 167, 299 A.2d 272 (1973); and Commonwealth v. Bullock, supra, for applicable standards of knowledge and understanding.

Defendant has also presented us three other allegations in support of his motions, i.e., the verdict was contrary to the law; the verdict was contrary to the weight of the evidence; the verdict was contrary to the evidence. Such allegations are standard fare for motions of this kind. They have been neither briefed nor argued so we must assume counsel has become aware they cannot be substantiated in either law or fact. As they are patently meritless, we decline any further comment.

judgment, decision on these motions will be stayed pending a further evidentiary hearing consistent with this opinion. Said hearing will be held in Courtroom No. 3, Dauphin County Court House, on Thursday, July 7, 1977, at 11:00 a.m.