Commonwealth *v.* Battle, Appellant.

Submitted June 14, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Spaeth, JJ.

*William K. Sayer* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Hoffman, J., September 19, 1973:

Appellant contends he is entitled to a new trial on the charge of armed robbery of a Philadelphia bar, because two witnesses prejudicially testified that police were looking for appellant in connection with other crimes. These remarks were made during cross-examination by defense counsel, who failed to object to their testimony.

On cross-examination, Howard Newman, a Commonwealth witness and a patron of the bar, was asked by defense counsel: "Did the police supply the last name, Battle, to you?" Newman replied, "Well, I think the officer said at the time—well, they—they had said they were looking for him for something else and the Battle fit the name. That they were looking for him for something else and the description—."

Defense counsel asked the second Commonwealth witness, James Bowman, the bartender, "How did you find out his name was Battle?" Bowman replied: "He [Detective Ansill] said—he said this might be the guy, that same guy I'm looking for. I think his last name is Battle." Defense counsel never objected to either of these remarks nor was there a motion for mistrial.

In the instant matter defense counsel was called upon to make a tactical decision and decide how extensively to cross-examine the Commonwealth witnesses. "It is of course, firmly embedded within our system of criminal justice that certain decisions during trial are within the exclusive province of counsel." *Commonwealth v. McGrogan*, 449 Pa. 584, 586, 297 A. 2d 456 (1972). Determining the scope of cross-examination is one of these trial tactics. "For instance, in the seminal case of *Henry v. Mississippi*, 379 U.S. 443, 85 S. Ct. 564 (1965), the United States Supreme Court acknowledged that the decision of whether to contemporaneously object to admission of evidence was one calling for the expertise and experience of counsel and that a failure to object at trial may constitute a 'deliberate bypass' precluding the defendant from obtaining relief in the Federal Courts." *Commonwealth v. McGrogan*, supra at 586-587.[1]

---

[1] See also, ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function, the Defense Function §5.2(b) (Approved Draft), (Commentary) which

Given the tactical nature of cross-examination and the fact that defense counsel did not object to the testimony he elicited from the Commonwealth's witness, we believe appellant has waived his right to object to their remarks. *Commonwealth v. Simon*, 432 Pa. 386, 248 A. 2d 289 (1968) (opinion in support of the court's order) ; see also *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A. 2d 295 (1968) (concurring opinion by Justice ROBERTS) ; Pa. R. Crim. P. 1119(b).

Thus, the judgment of sentence is affirmed.

---

provides: "The lawyer should seek to maintain a cooperative relationship and responsibility for the strategic and tactical decisions in the case."