## Commonwealth *v.* Lockhart, Appellant.

504

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before BULLOCK, JR., J., without a jury.

*Raymond P. Forceno,* and *Brobyn & Forceno,* for appellant.

*David Richman, Milton M. Stein,* and *James T. Ranney,* Assistant District Attorneys, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 11, 1974:

Appellant sets forth numerous allegations of errors, all of which, on the state of the record, we must dismiss as either waived or insufficiently established.

Briefly, Officer Scott of the Philadelphia Police, acting as an undercover agent, approached the appellant who was called "Frog", and asked him "What's happening?" The appellant took Scott to his apartment at 2022 Haggert Street, using a key to enter the

premises, and sold him a packet later identified as heroin. Scott reported the incident to his superiors, and provided the police with a physical description of the appellant, his nickname, and the address. He then picked the appellant out of a group of photographs shown to him by the police. Appellant was arrested and charged with illegal possession and sale of narcotic drugs.

A Motion to Suppress was argued before the Honorable Matthew W. BULLOCK, Jr., Judge of the Common Pleas Court of Philadelphia, at which numerous references were made to the photograph. Appellant thereafter waived his right to a jury trial, and was tried before the same judge, sitting without a jury. Appellant was convicted and sentenced to a term of imprisonment of three to six years. Post-trial motions were orally submitted without argument and denied by the Court.

First, it is argued that the trial court erred in permitting references to be made to the appellant's photograph at time of trial, and in allowing the Commonwealth to introduce said photograph into evidence. Concomitantly, appellant argues that the trial judge should have transferred the case to another judge after having heard reference to the photographs in the pretrial suppression hearing. It is not disputed that the photograph, as viewed by Officer Scott at police headquarters, was taken from police files, and therefore, indicative of appellant's prior contacts with the police in unrelated criminal matters or investigations. In *Commonwealth v. Allen*, 448 Pa. 177, 292 A. 2d 373 (1972), our Supreme Court held that it was prejudicial and reversible error to make reference to the fact that the police had shown photographs of the defendant to the alleged eyewitnesses, since a "jury could reasonably conclude from the photographic reference [that there had been] prior criminal activity on the part of the defendant . . . ." 448 Pa. at 182. The fact that the trial judge,

and not a jury, is acting as the trier-of-fact compels no different result. *Commonwealth v. Rivers,* 218 Pa. Superior Ct. 184, 279 A. 2d 766 (1971). In the instant case, however, no objections were made by the defense attorney to said references, and, in fact, defense counsel first elicited testimony on the subject on cross-examination of Commonwealth's witness. Commonwealth's subsequent reference and introduction of the photograph on redirect examination was properly a response to the tactical maneuver practices by the defense. See, *Commonwealth v. Battle,* 225 Pa. Superior Ct. 378, 381, 310 A. 2d 362 (1973). Likewise, having failed to object to Judge BULLOCK'S presiding at the trial and in failing to request another judge, appellant cannot now raise this as trial error. See, e.g., *Commonwealth v. Clay,* 224 Pa. Superior Ct. 461, 307 A. 2d 341 (1973).

Appellant also contends that his waiver of a jury trial was unknowingly and unintelligently made. After informing the Court that he wished to waive a jury trial, defense counsel conducted a colloquy to demonstrate to the trial court that the waiver was voluntary and intelligent. In so doing, he failed to inform the appellant that if he chose to proceed with a jury the members of the jury would have to be unanimous in their verdict in order to convict a defendant in a criminal trial. Our Supreme Court has recently held in *Commonwealth v. Williams,* 454 Pa. 368, 312 A. 2d 597 (1973), that in order for a waiver to be constitutionally acceptable it must appear on record that the appellant "knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." 454 Pa. at 373. It is evident

that the colloquy in the instant case did not satisfy the requirements enunciated in *Williams*.

It must be emphasized, however, that the instant case was tried more than a year before the date of the *Williams* decision. Appellant argues that he should be able to benefit by the decision, and that it should be given full retrospective effect. Both the Pennsylvania and United States Supreme Court have rejected retroactive application of standards for the acceptance of guilty pleas established in *Boykin v. Alabama*, 395 U.S. 238 (1969)—that a guilty plea is vitiated if there is no on-the-record colloquy demonstrating the voluntariness of the pleas. *Halliday v. United States*, 394 U.S. 831 (1969) ; *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A. 2d 923 (1969) ; see also, *Tehan v. Shott*, 382 U.S. 406 (1966) [holding that *Griffin v. California*, 380 U.S. 609 (1965), prohibiting comment on the accused's failure to testify, may be applied prospectively only], and *Linkletter v. Walker*, 381 U.S. 618 (1965) [holding that the search and seizure rule of *Mapp v. Ohio*, 367 U.S. 643 (1961), was to be applied prospectively only]. Quoting *Tehan*, our Supreme Court in *Godfrey* said: "[I]t is staggering to the imagination to contemplate the chaos which would result if Boykin were applied retrospectively. The overwhelming majority of all convictions result from guilty pleas. In a great many of these cases, inadequate *on-the-record* examinations were conducted. This would mean that countless cases would have to be retried if Boykin were applied retroactively." 434 Pa. at 536.

We do not believe that the prophylactic rule in *Williams* to insure that jury waivers are knowing and voluntary should be applied to cases tried before its decision. Jury waivers are common practice in the criminal courts, and to reverse every conviction automatically on the basis of *Williams* would, in our opinion, create the same havoc to the administration of justice as

would have the application of *Boykin, Mapp* and *Griffin* to prior cases. As with the rule stated in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), a silent or partial record on a jury waiver, for cases tried before *Williams,* should be reversed only if the appellant can demonstrate the waiver was involuntary or unknowing. The burden of demonstrating that his waiver was constitutionally infirm rests upon the appellant. *Cf. West,* supra at 104.

Appellant's final contention that defense counsel's failure to object to the rulings and procedures involved in the trial of his case, and in counsel's failure to submit briefs or argue in support of post-trial motions constituted ineffective assistance of counsel, likewise, may not be gleaned from the notes of testimony. These and any other errors not immediately perceptible from the record must be determined in a collateral proceeding.

Judgment of sentence is affirmed.