Commonwealth *v.* Sansbury, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Bartle* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 21, 1974:

Defendant, Willie James Sansbury, appeals from the judgment of sentence of the lower court on grounds relating to suppression of evidence and waiver of jury trial.

At a non-jury trial defendant was found guilty of assault and battery, aggravated robbery and carrying a firearm on a public street, but not guilty on other charges brought against him.

At defendant's pre-trial suppression hearing the lower court suppressed the victim's out-of-court identification of defendant based on mug shots, but denied suppression as to the in-court identification of defendant by the victim and a witness.[1]

The facts of the case are as follows: On November 5, 1971, around 4:30 in the afternoon, Timothy Powers, a bartender at Club 20 at North Gratz Street, Philadelphia, was robbed by two men while he was seated in an automobile parked near the place of his employment. The two men were identified by Powers as the defendant and one Willie Davis. Willie Davis shot and wounded Powers in the process of the robbery and also stabbed him with a knife. At one point defendant also held the gun on Powers. The robbery lasted a full five minutes during which time Sansbury and Davis threatened Powers constantly with physical harm. During this time Powers had the opportunity to fully observe the defendant for identification purposes.

A Mr. Dowling, who was seated in the Club 20 bar, when informed that Powers was being robbed, rushed outside to assist him but was prevented from doing so when defendant pointed a gun at him and ordered him to stop, causing Dowling to return to the bar. But

---

[1] The trial was held immediately after the suppression hearing, and upon defendant's agreement, the suppression hearing testimony was incorporated into and made part of the trial record itself.

witness Dowling did have sufficient opportunity to observe Sansbury for the purpose of identification.

Since the district attorney conceded that the photographic identification in this case was improperly suggestive, we will consider defendant's contention that the court erred in not suppressing the in-court identification of defendant. There was no evidence in the case that the in-court identification of the defendant by Powers, the victim, and Dowling, the witness, were in any way tainted by the out-of-court identification. *United States v. Wade,* 388 U.S. 218 (1967).[2] Dowling identified defendant prior to the time any photographic identification was made of defendant. Powers was in a hand-to-hand struggle with the defendant and Willie Davis for 5 minutes during daylight hours and, in addition, was familiar with defendant, having seen him 7 or 8 times on prior occasions near the area of the bar. His in-court identification of defendant was clear and convincing. *Murphy v. Waterfront Commission,* 378 U.S. 52 (1964); *United States v. Wade,* supra.

The defendant also contends that the record does not establish that his waiver of a jury trial was made knowingly and voluntarily. The pertinent portion of the record indicates that in the colloquy conducted by defense counsel, defendant was not apprised that members of the jury were to be drawn from the community (a jury of one's peers) and that he had a right to participate in the selection of the jury panel. Defendant contends, therefore, the decision of the Pennsylvania Supreme Court in the recent case of *Commonwealth v. Williams,* 454 Pa. 368 (1973) entitles him to a new trial. The *Williams* case held that the waiver is invalid if the court does not insure that a defendant

---

2 See also *Simmons v. United States,* 390 U.S. 377 (1968); *Stovall v. Denno,* 388 U.S. 293 (1967); *Gilbert v. California,* 388 U.S. 263 (1967).

knows of his rights to participate in choosing a jury of his peers. However, the instant case was tried prior to the decision in *Williams;* and as we stated in a detailed manner on the principle of retroactivity in our case of *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503 (1974), the *Williams* decision is not to be given retroactive application. Thus, at this stage of the proceedings, the defendant's proper recourse is to petition for a hearing under the Post Conviction Hearing Act.

As with the rule stated in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102 (1968), a silent or partial record on a jury waiver, for cases tried before *Williams,* should be reversed only if the defendant can demonstrate that the waiver was involuntary or unknowing. The burden rests upon the defendant to show that his waiver was constitutionally infirm.

The judgment of sentence of the lower court is affirmed.