## Commonwealth *v.* Dublin, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant was charged with aggravated robbery, and waived his right to a jury trial after an extensive colloquy. He was found guilty of said charge by the Honorable MERNA B. MARSHALL, Judge of the Common Pleas Court of Philadelphia County, sitting without a jury. Appellant's only contention is that the record does not establish that his waiver was the result of an understanding of his right to a jury trial.

The pertinent portion of the record set forth in appellant's brief indicates that appellant was apprised of his right to a jury trial, comprised of twelve men and women who could find him guilty only if they were convinced that guilt had been established beyond a reasonable doubt. Appellant submits that, in light of *Commonwealth v. Williams,* 454 Pa. 368, 312 A. 2d 597 (1973), the absence of an on-the-record inquiry into appellant's understanding that the jury's verdict had to be unanimous requires this Court to remand the case for an evidentiary hearing.

We disagree. The instant case was tried prior to the decision in *Williams,* and if appellant wishes to prove that his waiver was unintelligent and involuntary, he must do so in collateral proceeding. Furthermore, for the reasons set forth in our opinion in *Commonwealth v. Lockhart,* 227 Pa. Superior Ct. 503, 322 A. 2d 707 (1974), filed this same date, we should not apply the rule enunciated in *Williams* to the instant case.

Judgment of sentence is affirmed.