Commonwealth *v.* Alston, Appellant.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert H. Dickman,* and *Goldberg & Frankel,* for appellant.

*Jonathan D. Schiffman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant contends that he did not validly waive his right to trial by jury.

Appellant was convicted on May 3, 1972, by a judge sitting without a jury, of assault and battery, burglary, and larceny. Appellant was sentenced on October 18, 1972, to a term of one to two years' imprisonment on the charge of assault and battery and to four to ten years' imprisonment on the remaining charges. An ap-

peal to our Court was filed November 8, 1972, by the voluntary defender, but it was withdrawn and discontinued on July 26, 1973. Following this discontinued appeal, appellant filed a series of petitions for post-conviction relief, all but one apparently without the aid of counsel, the last of which was filed on February 7, 1974. This last petition was dismissed by the lower court on March 13, 1974, whereupon appellant took an appeal to our Court with the aid of appointed counsel. On August 12, 1974, pursuant to a joint petition by appellant's counsel and the Commonwealth, the case was remanded to the trial court for the sole purpose of determining whether the discontinuance of appellant's direct appeal constituted a knowing waiver of appellant's right to appeal. An evidentiary hearing was held by the lower court on October 2, 1974. As a result of this hearing, appellant was granted the right to file a direct appeal, nunc pro tunc, from judgment of sentence, which appeal is now before our Court.

Appellant's sole contention on appeal is that his waiver of jury trial was not knowing and intelligent. As appellant's trial occurred before *Commonwealth v. Williams*, 454 Pa. 368, 312 A. 2d 597 (1973), his conviction cannot be reversed for failure to comply with the technical and prophylactic *Williams* colloquy requirements. "[A] silent or partial record on a jury waiver, for cases tried before *Williams*, should be reversed only if the appellant can demonstrate the waiver was involuntary or unknowing. The burden of demonstrating that his waiver was constitutionally infirm rests upon the appellant." *Commonwealth v. Lockhart*, 227 Pa. Superior Ct. 503, 508, 322 A. 2d 707, 709 (1974). Here, appellant cites only two alleged irregularities. First, appellant points to the fact that his trial counsel advised him that "[i]f one juror disagreed with the other eleven you could not be convicted . . . That doesn't mean you would not be found not guilty, you would have a new

trial some other place, some other time."[1] Appellant invites us to believe that, because he was advised of the possibility of a hung jury, he was unaware that the jury could also acquit him. This hypothetical possibility of a misunderstanding of a correct statement of law does not amount to proof that appellant's jury waiver was not voluntary. Second, appellant contends that the colloquy was fatally defective because it was conducted by defense counsel, rather than by the court. Although it may be better practice for the court to conduct the colloquy, we have never held that the defense counsel is prohibited from doing so. See *Commonwealth v. Ingram,* 455 Pa. 198, 200, 316 A.2d 77, 78 (1974), dealing with the guilty plea colloquy: "Either defense counsel or the district attorney may conduct the necessary questioning, if in the presence of the court, to its satisfaction, and on the record."

As appellant has not met his burden of proving that his pre-*Williams* jury waiver was not knowingly and intelligently made, his conviction should be affirmed.[2]

Judgment of sentence affirmed.

---

1. Note that a statement to this effect, i.e., that the verdict of the jury must be unanimous, is not only permitted, but required, under *Commonwealth v. Williams,* supra.

2. On the facts presented, appellant cannot be granted relief on direct appeal. We do not determine whether appellant may present other evidence of involuntariness, if such evidence exists, to the lower court, as part of the PCHA proceeding which is apparently still pending below. See *Commonwealth v. Sansbury,* 229 Pa. Superior Ct. 60, 323 A. 2d 820 (1974).