378 A.2d 408

**COMMONWEALTH of Pennsylvania**

v.

**Walter DYSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 6, 1977.

504

Jay S. Gottlieb, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

In a Post Conviction hearing Act petition[1] appellant alleged that the state unconstitutionally used perjured testimony to secure his conviction and that trial counsel provided ineffective assistance because he pressured appellant to waive his right to a jury trial and failed to explain adequately the possible consequences of a jury trial waiver. The lower court dismissed this petition without a hearing. We hold that appellant is entitled to a PCHA hearing on his contention that trial counsel was ineffective because he pressured and advised appellant to waive trial by jury.[2]

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., effective March 1, 1966; 19 P.S. §§ 1180–1 et seq.

2. We note that appellant also alleged in his PCHA petition that trial counsel provided ineffective assistance because he withdrew a motion to suppress physical and identification evidence. In its opinion dismissing appellant's PCHA petition without a hearing, the lower court failed to consider this particular allegation and to state why an evidentiary hearing was not required. On remand, the lower court should specifically determine whether this allegation requires an evidentiary hearing.

On December 29, 1972, appellant was arrested on charges of aggravated robbery[3] and burglary.[4] On April 4, 1973, appellant's trial counsel filed a motion to suppress identification and physical evidence on the grounds, among others, that the police did not have probable cause to arrest appellant and that they conducted an unnecessarily suggestive identification procedure at the scene of the crime. On May 17, 1973, counsel withdrew this motion. On the same day, appellant waived his right to a trial by jury and proceeded to trial, along with two co-defendants, before the lower court. On May 18, 1973, the lower court found appellant and one co-defendant guilty of the above charges. Appellant's trial counsel filed an appeal with our Court on the grounds that the evidence was insufficient to convict appellant. On May 29, 1974, we affirmed *per curiam*. On July 19, 1974, allocatur was denied.

On December 10, 1975, appellant filed an uncounselled PCHA petition alleging, in pertinent part: (1) introduction of evidence obtained pursuant to an unlawful arrest and unconstitutional search and seizure, (2) ineffective assistance of counsel, and (3) unconstitutional use of perjured testimony by the Commonwealth. In particular, the petition alleged: "I was advised by my lawyer not to go to trial with a jury although I did not think this would be to my best interest. My lawyer refused to represent me properly if I was to choose a jury, thereby inducing me to accept my trial on his terms. In addition to this my lawyer did not keep me informed as to what I should expect from a judge instead of a jury." The Commonwealth filed an answer in which it denied that appellant was entitled to a new trial, but admitted that an evidentiary hearing would be required on appellant's allegations that he received ineffective assistance of counsel. The lower court then appointed new counsel to represent appellant and on May 18, 1976, counsel filed an

3. The Penal Code, Act of June 24, 1939, P.L. 872, § 704; 18 P.S. § 4704. Repealed, The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 5, effective June 6, 1972.

4. The Penal Code, supra; 18 P.S. § 4901. Repealed, The Crimes Code, supra.

amended PCHA petition reasserting the above claims and incorporating by reference the uncounselled petition. On August 25, 1976, the lower court, notwithstanding the concurrence of the Commonwealth in appellant's request for an evidentiary hearing, dismissed the petition without a hearing. This appeal followed.

First, we consider appellant's contention that the Commonwealth's primary witnesses, the arresting police officers, committed perjury and that his conviction, therefore, violated due process. Appellant bases this contention upon discrepancies in the record between the testimony of the arresting police officers and the testimony of three Commonwealth eyewitnesses. For example, two police officers testified that they removed all money from the possession of appellant and his two companions before returning them to the scene of the crime; three eyewitnesses testified that they saw the money hanging out of the pockets of one suspect. Further, appellant also points to inconsistencies between the testimony of the police officers at appellant's preliminary hearing and at trial. For example, at the preliminary hearing, one police officer testified that he returned a stolen wallet to its owner who remained at the scene of the crime; at trial, the police officer admitted that the victim was not at the place of the robbery when the police returned. However, in his post-verdict motions and on direct appeal before our Court and the Supreme Court, appellant raised this exact contention under the rubric of insufficient evidence. Indeed, appellant's present brief relies to a great extent on his post-verdict motion memorandum which directly raised the issue of possible perjury. In its opinion denying appellant's post-verdict motions, the lower court stated: "Although there are some discrepancies in the Commonwealth testimony, such as the fact that all three eyewitnesses testified that Jones [co-defendant] had money hanging from his pockets, contrary to the police officers' testimony that they had confiscated the money, this Court does not believe that they diminish in any way the volume and quality of the Commonwealth's evidence. The

defense suggests that the police conspired to make these men appear as guilty as possible, a contention which this Court finds no rational basis for accepting." Our Court affirmed the lower court's interpretation of the evidence, and the Supreme Court denied allocatur. In his petition, appellant has not asserted the existence of any newly discovered evidence pointing to perjury in his PCHA petition beyond the discrepancies in the trial record. Therefore, we hold that the issue of the Commonwealth's alleged reliance on perjured testimony has been finally litigated. Post Conviction Hearing Act, supra; 19 P.S. §§ 1180–3(d), 1180–4; *Commonwealth v. Campas*, 232 Pa. 347, 331 A.2d 670 (1974).[5]

■ Appellant next contends that trial counsel did not provide effective assistance as required by the Sixth Amendment of the United States Constitution. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Because trial counsel also represented appellant on direct appeal, this claim can properly be raised by new counsel at the first possible opportunity in a PCHA petition. *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Lewis*, 463 Pa. 180, 344 A.2d 483 (1975). In *Commonwealth v. Yocham*, 473 Pa. 445 at 450, 375 A.2d 325 at 328 (1977), our Supreme Court reiterated the test for reviewing a claim of ineffective assistance of counsel: "The seminal question in determining whether a defendant was denied effective assistance of counsel is whether the course chosen by defense counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, [supra at] 604, 235 A.2d [at] 353 (1967).

■ " 'The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the bal-

5. Moreover, we note that the mere fact that inconsistencies in testimony exist does not *ipso facto* prove perjury; in the instant case, the inconsistencies merely reflect upon the issue of credibility, an issue properly resolved by the lower court. *Commonwealth v. Hawkins*, 445 Pa. 279, 284 A.2d 730 (1971); *Commonwealth v. Osbourne*, 433 Pa. 297, 249 A.2d 330 (1967).

ance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.' *Commonwealth ex rel. Washington v. Maroney*, supra at 604–605, 235 A.2d at 352–353 (1967)." Finally, a summary dismissal of PCHA petition is erroneous if counsel has not previously offered a reasonable explanation for failure to pursue a claim that cannot be said to be without merit on the record. *Commonwealth v. Yocham*, supra.

■ Appellant specifically asserts that trial counsel rendered ineffective assistance because he failed to explain adequately the consequences of a jury trial waiver and because he pressured appellant to waive this right. In particular, neither the lower court nor trial counsel informed appellant that a jury would be composed of members of the community; this omission contravened the colloquy standards enunciated in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Moreover, the original PCHA petition alleges that counsel coercively conditioned proper representation upon appellant's waiver of his right to trial by jury. The Commonwealth responds, correctly, that the *Williams* requirements are not retroactive and do not apply to appellant's pre-*Williams* jury waiver colloquy. See *Commonwealth v. Lockhart*, 227 Pa.Super. 503, 322 A.2d 707 (1974). Moreover, in the jury waiver colloquy, appellant, a 24 year old college student, stated that he understood the difference between a judge trial and a jury trial, that he could participate in the selection of the twelve jurors who would have to find him guilty unanimously, the meaning of a "hung jury", and the permissible range of sentences. Appellant also acknowledged discussing the consequences of his waiver with counsel. Under the pre-*Williams* law, the colloquy in the instant case is extensive and not facially defective in any way. *Commonwealth v. Alston*, 234 Pa.Super. 639, 340 A.2d 507 (1975); *Commonwealth v. Shealey*, 234 Pa.Super. 516, 340 A.2d 471 (1975), Allocatur refused; *Commonwealth v. Williams*, 232 Pa.Super. 339, 331 A.2d 875 (1974), Allocatur refused; *Commonwealth v. Dublin*, 229 Pa.Super. 114, 323

A.2d 245 (1974); *Commonwealth v. Sansbury,* 229 Pa.Super. 60, 323 A.2d 820 (1974); *Commonwealth v. Miranda,* 222 Pa.Super. 158, 292 A.2d 473 (1972). In short, the Commonwealth asserts that appellant's waiver of trial by jury, after a colloquy facially in compliance with pre-*Williams* standards, precludes a PCHA challenge to the constitutional validity of the waiver and the effectiveness of counsel's assistance in securing this waiver.[6]

The conclusion that appellant's jury waiver colloquy was adequate when judged by pre-*Williams* standards does not terminate our inquiry. In *Commonwealth v. Sansbury,* supra, we held that a defendant barred from attacking the facial validity of a pre-*Williams* colloquy could nevertheless file a PCHA petition alleging that his waiver was involuntary or unknowing because of considerations outside the colloquy record. At a PCHA hearing, petitioner would shoulder the burden of proving the constitutional infirmity of his waiver. Since *Sansbury,* we have repeatedly reiterated that a PCHA petition is the proper recourse for a defendant who cannot challenge a jury waiver colloquy facially adequate under applicable pre-*Williams* law. *Commonwealth v. Alston,* supra; *Commonwealth v. Williams,* supra (Pa.Super.); *Commonwealth v. Dublin,* supra. *See also Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968); *Commonwealth v. Lockhart,* supra.

In the instant case, appellant did exactly what *Sansbury* and numerous other cases counsel him to do: filed a PCHA petition alleging an involuntary or unknowing jury trial waiver for reasons outside of the recorded waiver colloquy. In his PCHA petition, appellant offered to prove allegations, including counsel's threat of ineffective representation if appellant did not waive trial by jury, which may well establish the constitutional infirmity of his waiver.

6. The Commonwealth did not make this argument to the lower court. Instead, the Commonwealth admitted that appellant's allegations of ineffective assistance of counsel required an evidentiary hearing. We also note that neither the lower court nor counsel asked appellant if his waiver was influenced by any threats or promises.

Because we cannot say that appellant's allegations, if proven, would not entitle him to relief, we hold that appellant must be afforded a PCHA hearing at which he can attempt to prove his allegations and to overcome the ostensible validity of the jury waiver colloquy. *Commonwealth v. Yocham,* supra; Post Conviction Hearing Act, supra; 19 P.S. § 1180–9 (Supp.1976–77). Therefore, we reverse the lower court's order dismissing appellant's PCHA petition without a hearing and remand for a hearing on counsel's alleged ineffectiveness in pressuring appellant to waive his right to trial by jury.

Order reversed and case remanded for proceedings consistent with this opinion.