397 A.2d 798

**COMMONWEALTH of Pennsylvania**

v.

**Charles DOCKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Feb. 2, 1979.

Irvin J. Kopf, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

On January 25, 1967, appellant, Charles Dockins, and his co-defendant, Lawrence Ryan, were brought before the court on charges of aggravated robbery, conspiracy, and carrying a concealed weapon. The alleged incident occurred in Philadelphia, Pennsylvania. At the trial, both defendants were represented by the same attorney, Morris Passon. Both men pleaded not guilty to all charges and on the advice of counsel both waived the right to a jury trial. After the Commonwealth presented its case, the defendants indicated that they wished to change their pleas and enter guilty pleas to aggravated robbery and conspiracy. The trial court accepted the guilty pleas. The defendants demurred to the charge of carrying a concealed weapon and the court apparently sustained their demurrer. Ryan received a sentence of four to twenty-three months. Appellant's sentence was more severe, a one to three year term, because the trial

court found that appellant was the aggressor in the robbery and because appellant had appeared before the court on other charges.

Appellant did not file a direct appeal. However, after waiting seven years, appellant challenged the validity of his conviction under the Post Conviction Hearing Act. The lower court, after a hearing, denied appellant's petition and he now appeals to this court. We have reviewed all of appellant's arguments and found them to be lacking in merit. For this reason we affirm appellant's conviction.

Appellant makes numerous claims of error, of which we need only discuss the following. First, appellant contends that trial counsel did not represent him effectively because counsel also represented appellant's co-defendant at trial. Appellant claims that trial counsel labored under a conflict of interest and that as a result counsel did not give due consideration to appellant's interest. We disagree.

It is well established that dual representation, in and of itself, does not amount to a conflict of interest. *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974); *Commonwealth v. Cox*, 441 Pa. 64, 270 A.2d 207 (1970). To succeed on this ground, an accused must prove both 1) that there was a dual representation, and 2) that as a result, a conflict of interest actually existed. *Commonwealth v. Sullivan*, 472 Pa. at 161, 371 A.2d 468. *Commonwealth v. Breaker*, 456 Pa. at 345, 318 A.2d 354. Furthermore, "[t]o make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, . . . but he must at least show the possibility of harm . . . ." *Commonwealth v. Wilson*, 429 Pa. 458, 463, 240 A.2d 498, 501 (1968). *See also Commonwealth v. Breaker*, 456 Pa. at 345, 318 A.2d 354. An accused can demonstrate possible harm by showing that the defense advanced by appellant at trial was inconsistent with that of his co-defendant or by showing that counsel neglected appellant's case and instead concentrated on the co-defendant's case. *Commonwealth v. Breaker*, 456 Pa. at 345, 318 A.2d 354; *Commonwealth v. Cox*, 441

Pa. 64, 69, 270 A.2d 207 (1970); *Commonwealth v. Wilson*, 429 Pa. at 463, 240 A.2d 498.

■ The crux of appellant's argument is that trial counsel did not contest the trial court's finding at sentencing that appellant, and not his co-defendant, was the "aggressor" in the robbery. Appellant claims that co-defendant Ryan necessarily was the aggressor because he was the one who pointed a gun at the victims. Appellant, however, neglects to address the fact that it was he, appellant, who did all the talking during the robbery, telling the victims that both he and Ryan had guns and demanding money and a sweater which one of the victims was wearing. Furthermore, as the trial court noted, appellant was the older of the two and had previously been before the court on other charges. The trial judge found appellant to be the aggressor only after the judge heard the detailed and unshaken evidence against appellant and his co-defendant and after both men admitted their guilt. In light of the evidence against appellant, trial counsel was not obligated to advance the fruitless argument that appellant was not the aggressor. Therefore, we do not find that counsel's representation of appellant and his co-defendant resulted in a conflict of interest.

■■ Second, appellant argues that he did not knowingly and intelligently waive his right to a jury trial. The record shows that the trial judge asked appellant if he understood that he had a right to a trial by jury. The trial judge further asked appellant to restate his decision to have the judge decide his guilt or innocence and that he was making this decision on his own free will and with understanding. To these questions, appellant replied affirmatively. Admittedly, this on-the-record colloquy does not meet the requirements of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), wherein the Supreme Court held that for a waiver of a jury trial to be knowing and intelligent, the record must show that the accused was advised of the essential ingredients of a jury trial. The *Williams* court listed these ingredients as being 1) the requirements that the jury be chosen from members of the community, (a jury of

one's peers), 2) that the accused is allowed to participate in the selection of the jury panel, 3) that a jury verdict must be unanimous. However, it has been held that *Williams* is not to be given retroactive application. *Commonwealth v. Lockart*, 227 Pa.Super. 503, 322 A.2d 707 (1974). The standard for cases arising before *Williams* has been previously set forth by this court. In *Commonwealth v. Lockart*, supra, we said, "[A] silent or partial record on a jury waiver, for cases tried before *Williams*, should be reversed only if the appellant can demonstrate the waiver was involuntary or unknowing. The burden of demonstrating that his waiver was constitutionally infirm rests upon the appellant." *See also Commonwealth v. Dyson*, 249 Pa.Super. 503, 378 A.2d 408 (1977); *Commonwealth v. Alston*, 234 Pa.Super. 639, 340 A.2d 507 (1975). Applying this standard to appellant's case, we find appellant's waiver of a jury trial to be valid. At trial, appellant indicated that his waiver was "with understanding" and of his "own free will." The argument contained in appellant's brief consists entirely of excerpts from appellant's trial transcript and the transcript of appellant's Post Conviction Hearing, which do not convince this Court that appellant's jury trial waiver was not knowing and intelligent.

Next, appellant argues that the significance of pleading guilty was not explained to him either by his trial counsel or the court. This argument is without merit. Initially we note that the United States Supreme Court, in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that it is reversible error for a trial judge to accept a guilty plea without first affirmatively showing on the record that the plea was intelligent and voluntary. Shortly thereafter, *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923 (1969) held that *Boykin* is only to be applied prospectively to trials held after June 2, 1969, the date of the *Boykin* decision. The *Godfrey* Court explained that to do otherwise and apply *Boykin* retroactively would cause chaos because, in the court's words,

"[T]he overwhelming majority of all convictions result from guilty pleas. In a great many of these cases, inadequate *on-the-record* examinations were conducted. This would mean that countless cases would have to be retried if *Boykin* were applied retroactively." 434 Pa. at 536, 254 A.2d at 925 (emphasis by the court).

The pre-*Godfrey* standard requires that the court satisfy itself that the plea was voluntary and intelligently entered. *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A.2d 918 (1966); *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A.2d 424 (1964). Although the court in *Barnosky* did not make it mandatory for the trial court to conduct an on-the-record inquiry, it nevertheless strongly suggested that the trial court inquire into an accused's knowledge of the nature of the charge, of his right to a trial by jury, and of the general consequences of his plea. 414 Pa. at 165, 199 A.2d 424.

In the instant case, the trial judge asked appellant if he understood that he had a right to a jury trial, to which appellant replied affirmatively. The court explained the charge of aggravated burglary to appellant and what the possible maximum sentence could be for a conviction. The court inquired of appellant several times whether he understood the charge and whether he was pleading guilty of his own free will in light of the Commonwealth's evidence. To all of the judge's questions appellant replied in the affirmative. Furthermore, although appellant was nineteen years old, he was permitted to first confer with his mother before entering his guilty plea. The record shows that appellant's plea was intelligently and voluntarily entered and his arguments to this court fail to prove otherwise

Appellant makes the related argument that his plea was unlawfully induced by defense counsel's alleged promise that appellant would receive probation, rather than a jail term, if he pleaded guilty. However, at the Post Conviction Hearing appellant's trial counsel testified that he did not promise appellant probation but advised appellant to plead guilty because the Commonwealth had a very strong case

against appellant, which the record confirms. As previously noted, appellant's guilty plea was only entered after the Commonwealth presented detailed evidence of appellant's crime. Appellant's plea was not accepted by the trial judge until appellant was told that he could receive a prison sentence as long as ten to twenty years. Appellant's argument fails to refute this.

Appellant also argues that he was unfairly sentenced by the trial court, essentially because the sentence which he received was more severe than that of his co-defendant. However, we find appellant's one to three year sentence reasonable since he was older than his co-defendant, was found by the court to be the aggressor in the crime, and was found guilty of other unrelated charges shortly before appearing in court for the instant case.

Finally, appellant contends that the judge at the PCHA hearing erroneously allowed the prosecutor to question appellant concerning his seven-year delay in filing his PCHA petition. On this point, appellant cites *Commonwealth v. Doria*, 468 Pa. 534, 364 A.2d 322 (1976), wherein the court held that it is not necessary for a PCHA petitioner who has served his sentence to show that he will suffer "collateral criminal sanctions" before his petition will be considered by the court. In the instant case, appellant says that *Doria* necessarily bars any inquiry in the reasons behind a petitioner's delay in filing his PCHA petition. We do not agree with appellant's argument. Nothing in *Doria* indicates that a petitioner may not be asked why he waited until he had served his sentence to challenge his conviction. *Doria* addressed itself only to a court's summary dismissal of a PCHA petition because the petition was seen as moot. The *Doria* court said,

> "Our holding today gives those who can show that they have suffered collateral consequences as the result of a wrongful criminal conviction, and who have not been charged with any other criminal conduct, the same right to challenge the allegedly wrongful conviction as is afforded those who seek to challenge a previous conviction

because of the adverse effect it will have upon a subsequent accusation of criminal activity." 468 Pa. at 541, 364 A.2d at 326.

In appellant's case, the prosecution never argued that appellant's petition was moot, nor did the lower court so hold. The prosecution's cross examination of appellant on this point actually favored appellant because appellant responded to the question by indicating that he became concerned about collateral criminal sanctions, like those referred to by the *Doria* court. We find that *Doria* does not bar inquiry into appellant's reason for delaying his filing of a PCHA petition.

For the above reasons, we affirm the decision of the lower court denying appellant a new trial, and affirm the judgment of sentence.

SPAETH, J., files a concurring opinion.

JACOBS, former President Judge, WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

The record shows that appellant's counsel never informed appellant that his representation of a co-defendant might result in a conflict of interest. I am troubled by this fact; I can think of no reasonable basis to justify the omission. *Cf. Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Jones*, 263 Pa.Super. 149, 397 A.2d 790 (1978) (SPAETH, J., dissenting) (counsel ineffective for failing to interview a potentially important witness). Nevertheless, because appellant has not shown that he was prejudiced (or potentially prejudiced) by counsel's representation of his co-defendant, appellant is not entitled to a new trial. *Commonwealth v. Cox*, 441 Pa. 64, 270 A.2d 207 (1970); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

I also wish to note that my concurrence here is not inconsistent with my dissenting opinion in *Commonwealth v.*

*Bracero*, 189 Pa.Super. 262, 396 A.2d 709 (1978). In *Bracero*, I encouraged the court to hold that in every criminal case where one attorney represents two or more defendants, the trial judge must conduct an on-the-record colloquy to determine whether a conflict of interest exists. There the defendant asserted on direct appeal that he was denied effective counsel because his counsel represented a co-defendant. Here appellant waited seven years before asserting his counsel's ineffectiveness in collateral proceedings. Because I believe that the requirement of an on-the-record colloquy should not be applied retroactively, I would not hold appellant's counsel ineffective for failing to secure the sort of colloquy that I said in *Bracero* should be required, but that was not required at the time of appellant's trial.

For these reasons I concur in the majority's order.