J-S24008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
MELVIN WILLIAMS                 :
                                :
            Appellant           :   No. 2494 EDA 2021

Appeal from the PCRA Order Entered October 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011907-2015

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED OCTOBER 28, 2022**

Melvin Williams appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on October 29, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. After careful review, we affirm.

On March 8, 2017, after a bench trial, Williams was convicted of corruption of a minor and indecent assault of a person less than 13 years of age. These convictions stemmed from allegations that Williams had inappropriately touched a nine-year-old victim's clothed chest and stomach areas on five occasions. The victim disclosed Williams's behavior to her mother when she was twelve years old. The victim thereafter gave a similar account

_____

[*] Retired Senior Judge assigned to the Superior Court.

of Williams's inappropriate touching during an interview with Philadelphia Children's Alliance.

On June 9, 2017, the trial court sentenced Williams to an aggregate term of two to five years' incarceration, followed by two years' probation. The trial court ordered Williams to serve this sentence consecutive to another term of incarceration for a Delaware County conviction at docket number CP-23-CR-0004645-2015.[1] Based on Williams's prior Delaware County convictions, the trial court also designated Williams as a Sexually Violent Predator ("SVP"). Williams did not file any post-sentence motions. On direct appeal, we affirmed the judgment of sentence in all respects, except that we vacated Williams's SVP designation.

On September 17, 2019, Williams filed a timely *pro se* PCRA petition, in which he raised multiple claims of ineffective assistance of trial counsel. PCRA counsel was appointed, but did not file an amended petition. Instead, on July 8, 2021, counsel filed a **Finley** no-merit letter, along with a petition to withdraw as counsel. Approximately two months later, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Williams did not file a response.

On October 29, 2021, the PCRA court entered an order dismissing the PCRA petition, and permitting counsel to withdraw. On the same date, the

_____

[1] An appeal from that docket is also currently before this court.

PCRA court issued a notice to Williams informing him of the dismissal.[2] Williams filed this timely notice of appeal, in which he contends the PCRA court erred in denying his petition based on multiple claims of ineffective assistance of trial counsel.[3]

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Phillips*, 31 A.3d

_____

[2] We acknowledge that the notice makes no mention of counsel's withdrawal. In contrast, the notice specifically directs Williams to "[p]lease confirm with your attorney … that he will continue to represent you on appeal." *See* Notice of Order Dismissing PCRA Petition, 10/29/2021.

[3] On the same day, Williams filed *pro se* correspondence with the PCRA court, asserting he never received the October 29, 2021 order dismissing his petition, or counsel's *Finley* letter. Upon review of the certified record, it appears counsel's *Finley* letter, the order dismissing his petition, as well as the court's notification about the dismissal were all sent to SCI Phoenix in Collegeville, PA. In contrast, Williams's *pro se* correspondence was addressed from SCI Fayette in LaBelle, PA. The PCRA court subsequently forwarded Williams a copy of both filings, along with a copy of the docket entries from January 2021 forward. These copies were sent to Williams at SCI Fayette.

While we acknowledge the presence of some procedural irregularities here, we find Williams has waived any issues he may have been able to raise regarding those irregularities as he has not raised any such claims in any filings with this Court, or the court below. *See Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."); *see also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver."). We note that *Bradley* was filed nine days before the order appealed from here.

- 3 -

317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*.

We presume counsel is effective, and Williams bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). Williams must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-1163 (Pa. 2015). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002).

Claims of ineffective assistance of counsel are not self-proving. *See Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 856 A.2d 806, 812 (Pa. 2004). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

First, Williams claims trial counsel was ineffective for failing to investigate potential alibi witnesses. Specifically, Williams names multiple

potential alibi witnesses that he wanted trial counsel to subpoena who he claims could have testified to his periods of incarceration, prison furloughs, parole, work, and times he lived at other addresses. Williams posits that these witnesses would have helped him contradict the Commonwealth's timeline for the underlying crimes. We conclude the PCRA court did not err in finding that Williams did not establish that he was prejudiced by counsel's failure to present alibi witnesses.

To establish prejudice, Williams must show that but for counsel's alleged ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1127-28 (Pa. 2011).

Here, Williams testified on his own behalf and admitted that he lived in the same home as the victim for a four month period. **See** N.T., 3/8/2017, at 57-60. As the victim was unsure about the exact dates of the conduct in question and it is undisputed that Williams had access to the victim for at least four months, we cannot conclude that investigating and calling an alibi witness would have a reasonable probability of changing the outcome of Williams's trial. Accordingly, Williams's first claim is without merit.

While Williams separates his final two claims into separate arguments, we find they are intertwined and will address them together. Williams claims trial counsel was ineffective for failing to object to perjured and hearsay testimony. This claim is based on his belief in his final claim, that trial counsel

was ineffective for failing to bring to the attention of the court the overwhelming amount of inconsistent testimony from the Commonwealth witnesses. Both claims are without merit.

Pursuant to the arguable merit prong, we note that if Williams is not entitled to relief on the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1246 (Pa. Super. 2011). In short, counsel cannot be deemed ineffective for failing to pursue a meritless claim. **See Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Williams boldly labels the victim's mother's testimony as perjury without any proof other than his belief that the testimony was inconsistent. However, "the mere fact that inconsistencies in testimony exist does not ipso facto prove perjury." **Commonwealth v. Dyson**, 378 A.2d 408, 508 n5 (Pa. Super. 1977). Inconsistencies in trial testimony are relevant to the issue of credibility, an issue reserved for the finder of fact. **See id.** While the victim and her mother may have faltered in their recall of the specific time frames, they both made it clear that they could not remember exact dates. Given the victim's young age at both the time of the offenses, as well as during trial (9 and 13 respectively), slight inconsistencies are not dispositive of anything on its own. Under these circumstances, the PCRA court properly concluded  Williams's claim does not have arguable merit.

Finally, Williams's claim that trial counsel was ineffective for failing to bring the inconsistent testimony to the attention of the court is belied by the record. In his closing argument, trial counsel focused almost exclusively on the inconsistencies between the victim's testimony and the victim's mother's testimony. *See* N.T., 3/8/2017, at 63-65 ("[L]ooking at the inconsistencies we have here. We have the testimony between [victim's mother] and [victim] … Essentially the inconsistency as to the description of what happened is very significant between the mother.").

Here, the record belies Williams's claims that his trial counsel was ineffective. As discussed above, the record supports the PCRA court's factual finding there was no relief due based on the ineffectiveness claims raised.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2022